**WO**            JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Straub, | No. CV 05-2609-PHX-MHM (JRI) |
|     Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
|     Defendants. | |

Before the Court are Plaintiff's Motion for Order to Reinstate Complaint (Doc. #11) and Motion for Order to Vacate Default Judgment (Doc. #13). Plaintiff seeks to reinstate his civil rights action that was dismissed on June 23, 2006, for failure to prosecute (Doc. ##8-9). The Court will deny both motions.

**I.    Motion to Reinstate Complaint**

Because Plaintiff submitted his motion for reinstatement more than ten days after entry of judgment, the Court must treat it as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. See American Ironworks & Erectors, Inc. v. North Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). Rule 60(b) permits a district court to relieve a party from a final order or judgment on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misrepresentation of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied or discharged; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). A motion for relief from judgment shall be made within a reasonable time, and for the first three grounds listed, a reasonable time is within a year after the judgment was entered. Id.

Here, the Court entered judgment on June 23, 2006 (Doc. #9). Plaintiff's motion to reinstate the case was filed on August 17, 2007—more than one year after entry of judgment. Because the basis of Plaintiff's request to reinstate his civil rights action is excusable neglect, the motion is untimely.

Even assuming Plaintiff's motion was timely, he has failed to demonstrate that relief from judgment is appropriate. In his supporting affidavit, he attests that on April 19, 2006, he was attacked by several inmates in the prison yard and suffered severe injuries including vision impairment, eye socket damage, spinal damage, cognitive and permanent disabilities, and mental and emotional distress (Doc. #12, Pl. Decl. ¶¶ 1, 3). Plaintiff was hospitalized for five days after the assault (id. ¶ 2). He avers that as a result, he was unable to effectuate service upon Defendants and litigate this action (id. ¶ 6).

Some courts have acknowledged that illness may provide sufficient cause for a failure to effect service. See e.g., Habib v. General Motors Corp., 15 F.3d 72, 75 (6th Cir. 1994) (good cause to justify failure to timely serve in light of pro se plaintiff's medical claims and his reasonable and diligent efforts to complete service); Floyd v. U.S., 900 F.2d 1045, 1047 (7th Cir. 1990) (noting that simple neglect, without the presence of a substantial extenuating factor such as sudden illness, cannot constitute good cause for failure to effect service); LeMaster v. City of Winnemucca, 113 F.R.D. 37, 39 (D.Nev. 1986) (plaintiff's counsel's illness requiring chemotherapy and radiation treatments constitutes good cause for 17-day delay in service).

Plaintiff's alleged injuries, however, do not suggest such an incapacitating nature that they would have prevented him from prosecuting this action for over one year. The Court screened Plaintiff's Complaint on May 4, 2006, and ordered Plaintiff to return completed service packets by May 24 (Doc. #4). Thus, by the time Plaintiff received the service packets, he had been out of the hospital for weeks. Moreover, the Court issued an Order to Show Cause in June prior to dismissing the case, thereby giving Plaintiff another opportunity to serve Defendants or show cause why he was unable to do so (Doc. #6). Plaintiff did not

- 2 -

1  respond to this Order. Plaintiff made no attempt to prosecute this action for 15 months, at
2  which time he filed the pending motion for reinstatement (Doc. #11).
3      Plaintiff's medical claims are simply insufficient to justify the extent of the delay in
4  this case. Further, there is no evidence that Plaintiff made any reasonable effort to contact
5  the Court or serve the defendants during the 15 month interim. Consequently, Plaintiff falls
6  well short of demonstrating exceptional or extraordinary circumstances that would warrant
7  relief under Rule 60(b). See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995). The
8  motion to reinstate the Complaint will be denied.

## II.	Motion to Vacate Judgment

10      In light of the Court's determination that there are insufficient grounds to reinstate
11  Plaintiff's Complaint, the motion to vacate judgment will be denied.

**IT IS ORDERED**:

(1)	Plaintiff's Motion for Order to Reinstate Complaint and Service of Process Upon Defendants (Doc. #11) is **denied**.

(2)	Plaintiff's Motion for Order to Vacate Default Judgment (Doc. #13) is **denied**.

DATED this 6th day of September, 2007.

_____
Mary H. Murguia
United States District Judge